The opinion of the judge would have been correct, if the purchaser of the bill had taken it without any endorsement or guaranty of the seller. And in the State of New York it has been decided that an endorsee of business paper may recover of his immediate endorser the money he paid for the bill, although it was less than the sum mentioned in the face of it, and that the endorser could not resist such an action by the plea of usury. These decisions were, however, against the opinions of those learned jurists, Chancellors Kent and Walworth. In addition to the authorities from that State, cited by the plaintiff in support of this position, may be cited the case of Ham v. Hendricks, 7 Wend. Rep., 569. It is true that to constitute usury there must be either a direct loan and a taking of more than legal interest, or there must be some device for the purpose of concealing or evading the appearance of a loan, when in truth it was one; but the ordinary transaction of discounting a bill or note with an endorsement or guaranty from the transferor, is a lending within the statute. The party discounting does, in fact, lend money on interest, to be repaid either by the person receiving or by some other party to the bill, at a certain prefixed period. Byles on Bills, 72, 73. There is a distinction between taking a bill and advancing money on it, with an endorsement or guaranty, and one without. The last is a purchase, and may be for less than the real value; the other is a loan, and within the operation of the Statute of Usury. Massa v. Dauling, Strange, 1243. The case before us is completely within the rule laid down by this court in the case of Ruffin v. Armstrong, 2 Hawks., 411. Altman and others had executed a bond to Armstrong; it was a business paper, (352) negotiable. Armstrong endorsed it without value to an accommodating endorsee and he endorsed it to Ruffin at a discount of thirty-three and one-third per cent. In the action by Ruffin against Armstrong on his endorsement it was held by the court that the transaction was usurious. Chancellor Walworth, delivering his opinion in the case of Ham v. Hendricks
(after having reviewed all the cases on this subject, both in England and this country), remarks, "it appears that in most of our States which have adopted the English Usury Laws, as well as in the Supreme Court of the United States, and in England, it is held that a sale of a note for less than its nominal amount, on the advance of money or other thing in the nature of a discount of the note, is usurious between the parties to such a transaction, if the seller endorses the note or otherwise guarantees the repayment of the purchase money." Even in New York the endorsee is not permitted to recover of the endorsed the full *Page 281 
amount of the bill, for, if he could, the statute would be easily evaded; but he is permitted to recover only the money and interest he advanced when the bill was endorsed to him. This is not the rule in any other part of the world that we know of. It is not the rule in Ruffin v. Armstrong, and inCollier v. Neville, 3 Dev. Rep., 30, it was held to be clear that the discounting of a bill or bond and taking the general endorsement of the holder does ex vi termini constitute a loan, and if the rate of discount exceed that fixed by the statute it is an usurious loan." The endorsee, in a case like this, has no more right, as it seems to us, to claim the money advanced for the endorsement than he would if he had declared on a promissory note, infected with usury, if the defendant had plead the Statute of Usury in bar. The policy of the law is to enable the defendant to make void both assurances in toto. We therefore are of opinion that there must be a new trial.
PER CURIAM. Judgment reversed.
Cited: Hines v. Butler, 38 N.C. 308; Bynum v. Rogers, 49 N.C. 400;Ballinger v. Edwards, 39 N.C. 452.
(353)